# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**E2COMPANIES, LLC,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　2:23-cv-704-JLB-NPM

**CRAIG KURTZHALS,**

    Defendant.

## ORDER

Having served interrogatories and document requests in December 2024 and not obtained satisfactory responses from plaintiff e2Companies by March 2025, defendant Craig Kurtzhals filed a motion to compel. On April 9, 2025, we set this motion for an April 28 hearing. About a week before the hearing, Plaintiff requested leave to appear remotely (Doc. 83), which we promptly denied. (Doc. 84). We provided that the hearing would be canceled if Kurtzhals filed a notice withdrawing his motion to compel. But no such notice was filed. Nevertheless, all three counsel of record for e2Companies elected to skip the hearing. Consequently, the motion to compel (Doc. 78) is **GRANTED**.

Plaintiff concedes that it forfeited its objections to the written discovery requests by serving untimely responses. (Doc. 85 at 2). Plaintiff also admits that it served thousands of documents after the motion to compel. *Id*. And while

acknowledging that its compliance with four requests for production remained at issue—in addition to Defendant's request for an expense-of-motion sanction—Plaintiff sent an email to chambers at 10:52pm the night before the hearing advising the court that it would not appear. Ignoring the order denying the request to attend remotely, two of Plaintiff's attorneys brazenly offered to do so. And there's still no word why Plaintiff's local attorney could not appear (one of the reasons we denied Plaintiff's request to attend remotely).

Understandably, Kurtzhals needs the responsive documents in hand a reasonable time before conducting his Rule 30(b)(6) deposition of e2Companies, which is set to start on May 6, 2025. Accordingly, e2Companies shall produce all non-privileged documents responsive to Requests 2, 14, 15, and 45 by 12:00 p.m. on May 1, 2025. This will include the electronic delivery to either Defendant's counsel or its forensic consultant of all responsive ESI, such as a PST file containing complete copies with all attachments of all of Kurtzhals emails (sent or received by him) while he was employed at e2Companies and similar files for any other interoffice communications to which he was a party. All such files will be produced in the format Kurtzhal desires, whether native or some other form.

The record shows that the topics for this 30(b)(6) deposition were sent to Plaintiff on January 6, 2025, but Plaintiff did not voice any objections until April 21. So, just like the written discovery, Plaintiff's dilatory conduct results in a forfeiture

of any objections. Moreover, its conduct with respect to the written discovery will make it all but impossible to complete the Rule 30(b)(6) deposition on May 6. So, Plaintiff must immediately offer six business days on or between May 14 and May 30 during which it will produce its designee(s) during normal business hours for a second day of deposition.

For the reasons discussed above, we also find it appropriate to grant Kurtzhals's request for an expense-of-motion sanction. The court is an expert on reasonable hours and reasonable rates for the work associated with the briefing and the discovery hearing. And as an appropriate sanction to deter repetition, Plaintiff must file a notice of compliance by May 13, 2025, certifying that its counsel—and not Plaintiff—has paid $3,600 to defense counsel.

Finally, given the contumacious refusal of Plaintiff's counsel to attend the duly noticed hearing, attorneys Daniel Tarpey, David Wix, and Glen Waldman must each file separate submissions under oath by May 13, 2025, showing cause why they should not be referred to the court's grievance committee for investigation and potential disciplinary action, including the revocation of Tarpey's and Wix's special admissions for this matter.

**ORDERED** on April 29, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

3